```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

CHELSEA PLACE DESIGN, INC.,      }
          Plaintiff              }
                                 }
v.                               }    CIVIL ACTION NO. H-06-3724
                                 }
FRONTIER INSURANCE COMPANY IN    }
REHABILITATION and COATS, ROSE,  }
YALE, RYMAN& LEE, P.C.           }
          Defendants             }
---------------------------------}-------------------------------
                                 }
FRONTIER INSURANCE COMPANY IN    }
REHABILITATION                   }
          Plaintiff              }
                                 }
v.                               }    CIVIL ACTION NO. H-07-00603
                                 }
COATS, ROSE, YALE, RYMAN& LEE,   }
P.C.                             }
          Defendant              }
```

**MEMORANDUM OPINION AND ORDER**

This is an attorney's fee dispute. The Superintendent of Insurance of the State of New York as Rehabilitator of Frontier Insurance Company ("Rehabilitator" or "Frontier") hired Coats, Rose, Yale, Ryman, and Lee P.C. ("Coats Rose"), a Houston law firm, to represent it in an action pending in Texas state court (the "MEB Litigation"). During the course of the representation Coats Rose hired expert witness Robert Taylor, an employee of Plaintiff Chelsea Place Designs Inc. ("Chelsea").

The MEB litigation settled in February 2006. After the settlement, a dispute arose between Coats Rose and the Rehabilitator as to the fees due Coats Rose, Chelsea, and others. Because of this dispute, Coats Rose asserted a possessory

attorney's lien on the settlement funds in it client trust account. Coats Rose retained $610,875.97 in unpaid attorney's fees, expenses and advances and $261,575.55 in third party fees and expenses.  The balance of the funds, $127,548.48, was returned to Rehabilitator.

In November 2006, Chelsea instituted this case against Coats Rose and Frontier in the 243rd District Court of Harris County, Texas. Chelsea's state court petition seeks judgment in the amount of $50,000.00 and a declaration that this sum should be satisfied from the monies held in Coats Rose's client trust account.  Coats Rose answered and filed a cross-petition against Frontier seeking a declaratory judgment that (1) its legal fees were reasonable and necessary and (2) the settlement funds remaining in its trust account should be used to pay its fees and the invoices of vendors like Chelsea.

Frontier was served on November 9, 2006, and removed the case to this court on November 24th. Currently pending are Coats Rose and Chelsea's motions to remand (Docs. 4 & 5), Frontier's motion to dismiss (Doc. 12), and Coats Rose's motion to consolidate (Doc. 39).

In the meantime, approximately two months after removing this lawsuit, Frontier filed its own lawsuit against Coats Rose. *See Frontier Insurance Company In Rehabilitation under the direction of the Superintendent of Insurance of the State of New York v. Coats Rose Yale Ryman & Lee, P.C.*, 07-cv-00603 (S.D. Tex. February 15, 2007).  Frontier's complaint alleges breach of
2

fiduciary duty, negligence, negligent misrepresentation, breach of contract, common law fraud, and turnover of the funds in Coats Rose's trust account. Currently pending in that case is Coats Rose's motion to dismiss or for more definite statement (Doc. 5).

For the following reasons, the court has determined that Chelsea and Coats Rose's motions to remand should be DENIED and Frontier's motion to dismiss or stay should be GRANTED-in-part. The Court further has determined that, because cause number 07-cv-00603 concerns the same transaction and parties, Coats Rose's motion to consolidate (Doc. 39) should be GRANTED.

II.  ANALYSIS

    A.  Removal

To determine the propriety of Frontier's removal the court must consider the doctrine of fraudulent or improper joinder.  A party seeking to invoke the federal courts' removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  "In order successfully to prove that non-diverse defendants have been improperly joined in order to defeat diversity, the removing party must demonstrate that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id.* (*quoting Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)). This language may be misleading, as the test for fraudulent joinder "stated differently means that there is no reasonable

basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In resolving the issue, the court may conduct a "Rule 12(b)(6)-type" analysis, looking initially at the allegations of the complaint. *Id.* The district court, when reviewing a claim of fraudulent joinder, "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson*, 99 F.3d 751 (*citing Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). After the district court resolves all disputed questions of fact and all ambiguities of the controlling law in favor of the plaintiff, the court will then determine if a party has any possibility of recovery against the party whose joinder is questioned. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden*, 60 F.3d at 216. Therefore, if the court finds any possibility that the plaintiff has a cause of action against any non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-52.

While Courts are limited to review of the complaint and attached papers when conducting a Rule 12(b)(6) inquiry, the court may pierce the pleadings and consider summary judgment-type

evidence for purposes of determining improper joinder. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000). Fraudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment evidence such as affidavits and deposition testimony. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246-47 (5th Cir. 2000).

In this case, Rehabilitator has established that there is no reasonable basis for predicting that Chelsea will prevail on its claims against Coats Rose. The general rule is that a lawyer will not be liable for debts incurred on behalf of his client. *See e.g. Eppler, Guerrin & Turner Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex. App.- Dallas 1985). An exception to this rule is where the lawyer enters into a special agreement to act as a surety. Such an agreement is subject to the Statute of Frauds. Tex. Bus. & Com. Code § 2601. Neither Chelsea's state court petition, nor its motion to remand, nor its reply to Frontier's response mention any such agreement. Accordingly, the court has determined that joinder of Coats Rose as a defendant was improper. Coats Rose citizenship will not be considered in the jurisdictional analysis.

Chelsea and Coats Rose make two additional arguments against removal: first, that Frontier Insurance Company in Rehabilitation is not a citizen of any state because it is being

5

administered by a public official; and second, that the amount in controversy does not exceed $75,000.00. *See* 28 U.S.C. § 1332. The court disagrees in both instances.

Despite being administered by the Superintendent of Insurance of the state of New York, the Defendant in this case remains the Frontier Insurance Company, a stock property/casualty insurer incorporated in New York in 1962. The appointment by the New York Supreme Court of the Superintendent as Rehabilitator did not convert Frontier into an arm of the state. Accordingly, Chelsea and Coats Rose's first argument is rejected.

Likewise, Chelsea and Coats Rose's second argument fails. The amount in controversy in this case is in excess of $800,000.00. To the extent that Coats Rose and Chelsea argue that the court should not consider Coats Rose's cross-claim in determining the amount in controversy, the court rejects that argument. *See* 14C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3725 (3d ed. 1998) ("A cross claim defendant should not be deprived of [the right to remove] simply because, as a matter of procedural convenience, the state permits the claim to be asserted as a cross-claim in a pending action that does not involve the federal jurisdictional amount.") Accordingly, having determined that removal was proper and that this court enjoys jurisdiction over the cause, the court will consider Frontier's motion to dismiss.

B. <u>Proper Forum</u>

In its motion to dismiss, Rehabilitator argues that Coats Rose and Chelsea's claims are subject to an anti-suit injunction entered by the New York court supervising Frontier's rehabilitation.  The injunction enjoins all persons from "commencing or prosecuting any actions, lawsuits, or proceedings against Frontier or the Superintendent as Rehabilitator." (*See* Order of Rehabilitation, Doc. 11, Conolly Decl. Ex. A.). Consequently, Rehabilitator states that Coats Rose and Chelsea must proceed under New York Insurance Law Section 7411, which requires out of state claimants to file their claims with the domiciliary receiver, in this case Rehabilitator.

After reviewing the relevant statutes and case law, the court disagrees with Rehabilitator's characterization of Coats Rose and Chelsea's position.  New York Insurance Law allows the Superintendent of Insurance as Rehabilitator to employ attorneys and others as necessary for the administration of an insurance company in rehabilitation or liquidation. NY CLS Ins § 7422(a). Compensation is fixed by the Rehabilitator but is subject to review by the court supervising the rehabilitation. NY CLS Ins § 7422(b).  Sums owed for the administration of an insurer are payable out of the funds or assets of the insurer, *Id.*, and are a first preference claim in the order of priority, NY CLS Ins § 7434.  These claims, however, need not be made to the Rehabilitator, but can be made by motion in the court administering the rehabilitation.  *See In the Matter of the Claim of Maxwell Rubin* 244 N.Y. 443; 155 N.E. 735 (1927) (J. Cardozo).

In *Maxwell Rubin,* the Court of Appeals decided a fee dispute between the New York Superintendent of Insurance and a New York lawyer hired by the Superintendent to "take charge of an important suit" for the benefit of an insurance company in liquidation. *Id.* at 446. The lawyer submitted a bill for $10,000.00, a sum the Superintendent felt was excessive. The Superintendent lowered the fee to $3,500.00. *Id.* Dissatisfied, the lawyer petitioned the Supreme Court for a determination of the fees owed. *Id.* The Supreme Court determined the value of the lawyer's services at $8,000.00 and ordered the Superintendent to reconsider his prior determination. *Id.* The Superintendent reaffirmed his prior determination, and upon motion by the lawyer, the Supreme Court reinstated its ruling. *Id.* at 447. The Appellate Division reversed, reducing the award to the amount assessed by the Superintendent. The Court of Appeals, reversing the Appellate Division, found that the Supreme Court had the power to determine the correct fee and reinstated its award. In rendering its judgment, the Court of Appeals found that the Superintendent did not have the power to unilaterally set the fee to be paid and, moreover, that the lawyer could proceed by summary motion in the court administering the liquidation.

It is this court's opinion that the method prescribed by the Court of Appeals in *Maxwell Rubin* is applicable to this case and that Coats Rose and Chelsea should proceed by motion in the New York court administering the rehabilitation of Frontier. In the meantime, the court will stay and administratively close this

8

case pending the New York Court's order on fees. Either party may move to reinstate this case on the court's active docket after such order is issued.

III. Conclusion

For the aforementioned reasons, the court ORDERS that Coats Rose and Chelsea's motions to remand are DENIED; Coats Rose's motion to consolidate cause number 07-cv-00603 is GRANTED; Frontier's motion to dismiss or alternatively to stay is GRANTED-in-part. This case is stayed and administratively closed pending a determination by the New York court of the fees due to Coats Rose and Chelsea. All pending motions not addressed by this order are terminated, but may be summarily re-urged when this case is reinstated on the court's active docket.

Signed at Houston, Texas, this 15th day of June, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE